UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARSHA GAYLES,

        Plaintiff,	**ANSWER**

       v.	Civil Action No.:
           1:22-CV-00750

ROSWELL PARK CANCER INSTITUTE
CORPORATION d/b/a ROSWELL PARK CANCER
INSTITUTE,

        Defendant.
_____

       Defendant, Roswell Park Cancer Institute ("Roswell Park"), by its attorneys, Phillips Lytle LLP, answers the Complaint, states as follows upon information and belief:

       1.     The allegations in paragraph 1 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

       2.     The allegations in paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

       3.     The allegations in paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

       4.     The allegations in paragraph 4 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Admits the allegations in paragraph 6.

7. The allegations in paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

8. Admits the allegations in paragraph 8.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

10. Admits the allegations in paragraph 10.

11. The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

13. The allegations in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

14. The allegations in paragraph 14 (including footnote 1) are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

16. The allegations in paragraph 16 (including footnote 2) are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

17. The allegations in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

18. Denies the allegations in paragraph 18.

19. As to the allegations in paragraph 19, lacks knowledge or information sufficient to form a belief as to how private hospitals and cancer research companies operate and make decisions about employees and patients; admits that Roswell Park executes its own contracts, leases, and other agreements, and has its own legal counsel and department; and the allegations that Roswell Park does not perform a unique government function that merits exemption from discrimination laws at issue is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

20. Denies the allegations in paragraph 20, except admits Roswell Park's directors are appointed by elected officials.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

22. The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

23. Admits the allegations in paragraph 23.

24. Admits the allegations in paragraph 24.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. As to the allegations in paragraph 26 which appear to characterize an unrelated lawsuit, Defendant refers to that lawsuit which speaks for itself, admits a lawsuit was filed, and denies the remaining allegations.

27. Denies the allegations in paragraph 27.

28. Admits the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. As to the allegations in paragraph 30, admits some employees worked remotely, and denies the remaining allegations in that paragraph.

31. Denies the allegations in paragraph 31.

32. As to the allegations in paragraph 32, admits some employees worked remotely, and denies the remaining allegations in that paragraph.

33. Denies the allegations in paragraph 33.

34. Admits the allegations in paragraph 34.

35. Denies the allegations in paragraph 35, but admits Ms. Gayles' request to work remotely was denied.

36. Denies the allegations in paragraph 36.

37. As to the allegations in paragraph 37, admits some employees worked remotely, and denies the remaining allegations in that paragraph.

38. Denies the allegations in paragraph 38.

39. As to the allegations in paragraph 39, admits some employees worked remotely, and denies the remaining allegations in that paragraph.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Admits the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Admits the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

55. Denies the allegations in paragraph 55.

56. Denies the allegations in paragraph 56.

57. The allegations in paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

58. The allegations in paragraph 57.A. are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

59. The allegations in paragraph 57.B. are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

60. The allegations in paragraph 57.C. are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

61. The allegations in paragraph 57.D. are legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

62. As it relates to paragraph 58, Defendant repeats and realleges its responses to paragraphs 1 through 57 as if fully set forth herein.

63. Denies the allegations in paragraph 59.

64. The allegations in paragraph 60 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

65. Denies the allegations n paragraph 61.

66. Denies the allegations in paragraph 62.

67. Denies the allegations in paragraph 63.

68. Denies the allegations in paragraph 64.

69. Denies the allegations in paragraph 65.

70. Denies the allegations in paragraph 66.

71. Denies the allegations in paragraph 67.

72. Denies the allegations in paragraph 68.

73. Denies the allegations in paragraph 69.

74. As it relates to paragraph 70, Defendant repeats and realleges its responses to paragraphs 1 through 69 as if fully set forth herein.

75. The allegations in paragraph 71 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

76. Denies the allegations in paragraph 72.

77. Denies the allegations in paragraph 73.

78. The allegations in paragraph 74 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response.  To the extent a response is required, Defendant denies those allegations.

79. Denies the allegations in paragraph 75.

80. Denies the allegations in paragraph 76.

81. Denies the allegations in paragraph 77.

82. Denies the allegations in paragraph 78.

83. Denies the allegations in paragraph 79.

84. As to the allegations in paragraph 80, Defendant repeats and realleges its responses to paragraphs 1 through 79 as if fully set forth herein.

85. The allegations in paragraph 81 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

86. The allegations in paragraph 82 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

87. The allegations in paragraph 83 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

88. The allegations in paragraph 84 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

89. The allegations in paragraph 85 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

90. The allegations in paragraph 86 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

91. As to the allegations in paragraph 87, Defendant repeats and realleges its responses to paragraphs 1 through 86 as if fully set forth herein.

92. The allegations in paragraph 88 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss except to the extent retaliation is alleged. To the extent a response is required, Defendant denies those allegations.

93. The allegations in paragraph 89 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss except to the extent retaliation is alleged. To the extent a response is required, Defendant denies those allegations.

94. The allegations in paragraph 90 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss except to the extent retaliation is alleged. To the extent a response is required, Defendant denies those allegations.

95. The allegations in paragraph 91 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss except to the extent retaliation is alleged. To the extent a response is required, Defendant denies those allegations.

96. The allegations in paragraph 92 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss except to the extent retaliation is alleged. To the extent a response is required, Defendant denies those allegations.

97. As it relates to paragraph 93, Defendant repeats and realleges its responses to paragraphs 1 through 92 as if fully set forth herein.

98. The allegations in paragraph 94 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

99. The allegations in paragraph 95 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

100. The allegations in paragraph 96 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

101. The allegations in paragraph 97 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

102. The allegations in paragraph 98 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

103. The allegations in paragraph 99 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

104. The allegations in paragraph 100 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

105. The allegations in paragraph 101 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

106. The allegations in paragraph 102 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

107. The allegations in paragraph 103 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

108. The allegations in paragraph 104 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

109. The allegations in paragraph 105 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

110. The allegations in paragraph 106 were dismissed by the September 28, 2023 Opinion and Order of the Hon. Christina Reiss and require no response. To the extent a response is required, Defendant denies those allegations.

111. As it relates to paragraph 107, Defendant repeats and realleges its responses to paragraphs 1 through 106 as if fully set forth herein.

112. The allegations in paragraph 108 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response. To the extent a response is required, Defendant denies those allegations.

113. The allegations in paragraph 109 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response. To the extent a response is required, Defendant denies those allegations.

114. The allegations in paragraph 110 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response. To the extent a response is required, Defendant denies those allegations.

115. The allegations in paragraph 111 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response.  To the extent a response is required, Defendant denies those allegations.

116. The allegations in paragraph 112 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response.  To the extent a response is required, Defendant denies those allegations.

117. The allegations in paragraph 113 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response.  To the extent a response is required, Defendant denies those allegations.

118. The allegations in paragraph 114 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response.  To the extent a response is required, Defendant denies those allegations.

119. The allegations in paragraph 115 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response.  To the extent a response is required, Defendant denies those allegations.

120. The allegations in paragraph 116 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response.  To the extent a response is required, Defendant denies those allegations.

121. The allegations in paragraph 117 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response.  To the extent a response is required, Defendant denies those allegations.

122. The allegations in paragraph 118 were withdrawn by Plaintiff by the affirmation of Nicholas P. DeMarco, Esq. dated January 19, 2023 (Dkt. 14-1) and require no response. To the extent a response is required, Defendant denies those allegations.

123. Denies all other allegations not expressly admitted.

124. The allegations contained in the paragraphs comprising Plaintiff's Prayer for Relief in the Complaint contain no allegations of fact, but instead assert legal arguments or conclusions, which are referred to the Court, and as to which no response is required; to the extent a further response is required to any allegation in the Plaintiff's Prayer for Relief, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

## DEFENSES

Defendant Roswell Park asserts the following defenses upon information and belief:

## FIRST DEFENSE

1. Defendant Roswell Park would have taken the same action against Plaintiff even in the absence of any alleged impermissible factor.

## SECOND DEFENSE

2. One or more of Plaintiff's claims fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

3. To the extent any of Plaintiff's claims are untimely under the applicable statutes of limitation, they are barred.

**FOURTH DEFENSE**

4.     To the extent Plaintiff can establish liability and damages, which Defendant denies, Defendant has no liability for damages caused by Plaintiff's failure to mitigate.

**FIFTH DEFENSE**

5.     Defendant at all times exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided to her or otherwise avoid harm.

**SIXTH DEFENSE**

6.     Roswell Park is immune from punitive damages.

**SEVENTH DEFENSE**

7.     The damages alleged in the claims were caused in whole or in part by culpable conduct attributed to Plaintiff.

**EIGHTH DEFENSE**

8.     Plaintiff has failed to mitigate her damages and/or has not suffered damages.

**NINTH DEFENSE**

9.     Defendant's conduct was neither willful nor wanton nor otherwise sufficiently severe to warrant punitive damages.

**TENTH DEFENSE**

10.    Defendants reserve the right to assert additional defenses that may arise or become applicable as a result of discovery or the litigation process generally.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable.

WHEREFORE, Defendant demands judgment:

(a) dismissing the Complaint, with prejudice;

(b) granting it the costs, disbursements, and attorneys' fees incurred in this action; and

(c) granting it such other relief as is proper.

Dated: Buffalo, New York
October 11, 2023

PHILLIPS LYTLE LLP

By: /s/ Amanda L. Lowe
    Amanda L. Lowe
    Tara M. Ward
    Chloe J. Nowak
*Attorneys for Defendant Roswell Park*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
alowe@phillipslytle.com
cnowak@phillipslytle.com
tward@phillipslytle.com